WINSTON BROTHERS COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 59270. Promulgated August 23, 1933.

*Howe P. Cochrane, Esq.*, for the petitioner.
*Bruce A. Low, Esq.*, and *T. G. Histon, Esq.*, for the respondent.

1250

OPINION.

TRAMMELL: The facts in this case were stipulated by the parties, but the stipulation consists largely of documents which record the transactions involved. From those documents and the pleadings we have found the facts above set forth, which we consider material to a decision of the issue presented, in addition to which the stipulation in full is by reference made a part hereof.

There is no disagreement with respect to the primary facts, or what actually transpired. The issue is one of law, and before attempting any discussion either of the facts or applicable statutes, a clear statement of the issue and the respective contentions of the parties seems desirable.

The pleadings, which are very meager, raise three issues, based upon the petitioner's assignments of error designated (a), (b) and (c). At the hearing the petitioner waived assignments (b) and (c), which accordingly will not be considered here, leaving only assignment (a), which reads as follows: " The Commissioner erred in computing a profit on stock or a liquidation of $147,114.72." This allegation was denied by respondent in his answer.

On September 1, 1928, the petitioner owned 4,872 out of a total of 7,124 shares of common stock in the Winston-Dear Co. outstanding; and on the same date acquired, in exchange for shares of its own capital stock, all the assets of said company, subject to its liabilities. The sole asset of the Winston-Dear Co. then consisted of 1,803 shares of the petitioner's common stock, which it distributed pro rata among its stockholders, including the petitioner, upon surrender of their stock.

The deficiency letter states that this transaction by which the petitioner acquired all the assets of the Winston-Dear Co. in exchange for shares of its capital stock constituted a reorganization as defined in section 112 (i) (1) (A) of the Revenue Act of 1928, and that the distribution by the Winston-Dear Co. of its sole asset, consisting of the petitioner's common stock, constituted a complete liquidation within the meaning of section 115 (c) of the Revenue Act of 1928. Respondent further held in the deficiency letter that as a result of the liquidation of the Winston-Dear Co. taxable profit accrued to the petitioner in the amount of $147,114.72, representing the excess of the value of the 4,872 shares of the Winston-Dear Co. common stock owned by the petitioner at August 31, 1928, over its value at March 1, 1913, the stock having been acquired by the petitioner prior to the latter date. Respondent included the profit of $147,114.72 in the petitioner's gross income, and computed the deficiency in controversy.

From the foregoing we think it is clear that the deficiency, in the particular complained of, results from the respondent's determination that the petitioner derived a profit in the amount stated by way of a liquidating dividend received September 1, 1928, on the stock it owned in the Winston-Dear Co., and that such profit is recognizable for tax purposes under the provisions of section 112 of the Revenue Act of 1928. Such is the respondent's contention, and we think that the petitioner's assignment of error, above quoted, fairly raises the issue of the correctness of the respondent's action.

However, the petitioner in its brief states that the issue is whether or not it realized " a taxable gain of $147,114.72 from the transaction *when it obtained the assets* of the Winston-Dear Company in exchange for the issuance of its stock." The petitioner then argues that it was the *purchaser* in the first step of this reorganization, and that it did not realize any taxable profit *at the time of the acquisition of the assets* of the Winston-Dear Co. We are in accord with this argument, but as above indicated, the respondent has not made such a determination, and such is not the issue raised by the pleadings.

The petitioner further contends that there is no issue before us in this proceeding as to whether or not it realized a gain or sustained a loss when, on September 1, 1928, in pursuance of the plan of reorganization, it exchanged its 4,872 shares of common stock in the Winston-Dear Co. for shares of its own common stock then owned by the Winston-Dear Co.; but that if such issue were before us, there would be no recognizable gain or loss on the transaction, under the provisions of section 112 of the Revenue Act of 1928. We find ourselves unable to agree with either of these contentions of the petitioner.

Section 112 of the Revenue Act of 1928 in subdivision (a) lays down the general rule that upon the sale or exchange of property the entire amount of the gain or loss shall be recognized, except as thereinafter provided. The exception relied upon by the petitioner here is embodied in subdivision (b) (3) of that section, which reads as follows:

(3) Stock for stock on reorganization.—No gain or loss shall be recognized if stock or securities in a corporation a party to a reorganization are, in pursuance of the plan of reorganization, exchanged solely for stock or securities in such corporation or in another corporation a party to the reorganization.

The petitioner argues that the facts of this case bring it squarely within this provision, since the transaction admittedly was in pursuance of a plan of reorganization, to which both the petitioner and the Winston-Dear Co. were parties, and that petitioner exchanged stock in the Winston-Dear Co. for its own stock.

The fallacy of this argument lies in the fact that, within the meaning of the taxing statute, the petitioner did not exchange stock

for stock in pursuance of a plan of reorganization as provided in section 112 (b) (3), *supra*, but surrendered its stock in the Winston-Dear Co. and received in full payment in exchange therefor its pro rata part of that company's assets in final liquidation. In our opinion it is immaterial that the asset which it received as such liquidating dividend consisted of shares of its own capital stock.

Whatever profit the petitioner derived by way of the liquidating dividend, therefore, is taxable to it to the extent the same is recognized under the provisions of section 112, in accordance with the provisions of section 115 (c), which reads in material part as follows:

(c) *Distributions in liquidation.*—Amounts distributed in complete liquidation of a corporation shall be treated as in full payment in exchange for the stock * * *. The gain or loss to the distributee resulting from such exchange * * * shall be recognized only to the extent provided in section 112. * * *

This brings us back to the question of the extent to which the profit derived by the petitioner is recognized under section 112. In determining this question, subdivision (b) (3) of section 112, above referred to, must be construed in connection with subdivision (g) of the same section, which provides as follows:

(g) *Distribution of stock on reorganization.*—If there is distributed, in pursuance of a plan of reorganization, to a shareholder in a corporation a party to the reorganization, stock or securities in such corporation or in another corporation a party to the reorganization, *without the surrender by such shareholder of stock or securities in such a corporation,* no gain to the distributee from the receipt of such stock or securities shall be recognized. [Italics supplied.]

By its plain terms, we think subdivision (g) of section 112 has no application to the question before us, since the Winston-Dear Co. did not distribute to the petitioner its own stock in pursuance of the plan of reorganization, without the surrender by the petitioner of the stock which it owned in the Winston-Dear Co.

The provisions of section 112 (g), *supra*, first appeared in the revenue laws as section 203 (c) of the Revenue Act of 1924, and was reenacted without change in the corresponding section of the 1926 Act. The legislative history of this section clearly indicates that it was the intention of Congress to permit the distribution of stock or securities to the stockholders of a corporation pursuant to a plan of reorganization without recognition of gain only where such distribution is effected without the surrender by the stockholders of their stock, that is to say, only where such distribution does not constitute a liquidating dividend. See Rept. No. 179 of the House Committee on Ways and Means, 68th Cong., 1st sess., on the Revenue Bill of 1924, p. 14, and the report of the Senate Finance Committee on the same bill, p. 15.

To construe subdivision (b) (3) of section 112, *supra*, as demanded by the petitioner, to include tax free an exchange of stock for stock where such exchange constitutes a liquidation, would be to limit or nullify the clearly intended effect of subdivision (g) of the same section. Such a construction could not be adopted, therefore, if an equally reasonable construction will give effect to the provisions of both subdivisions of the section. This is a familiar rule of statutory construction which needs no citation of authority to justify its application.

The legislative history of section 112 (b) (3) supports the construction that it was never the congressional intent that its provisions should embrace an exchange of stock for stock in the case of a liquidation, whether or not in connection with a reorganization.

Section 112 (b) (3) in its present form was first enacted as section 203 (b) (2) of the Revenue Act of 1924, but substantially the same principle was adopted in section 202 (c) (2) of the Revenue Act of 1921, which provided that no gain or loss should be recognized, "When in the reorganization of one or more corporations a person receives in place of stock or securities owned by him, stock or securities in a corporation a party to or resulting from such reorganization."

In our opinion the manifest purpose of these provisions was and is to exempt from tax gain resulting from the exchange of stock or securities where, in the process of a reorganization of one or more corporations, a stockholder receives *in place of* stock or securities owned by him, other stock or securities in a corporation a party to such reorganization.

The motive which actuated Congress in adopting these provisions is not difficult to understand. Where a stockholder has made an investment in the stock or securities of the corporation which later becomes a party to a reorganization, and such stockholder in connection with such reorganization receives other stock or securities in exchange for or in place of his original holdings, his investment in the enterprise substantially is continued, although in a different form. In this situation, it is provided that no gain or loss shall be recognized for tax purposes. But where the stockholder surrenders his stock and receives his pro rata share of the corporation's assets in full payment in exchange for his stock, the transaction involving his investment in that stock is terminated, and it becomes a completed transaction. Any gain derived or loss sustained must then be recognized in determining tax liability.

The petitioner's contention that the gain derived by way of the liquidating dividend received by it upon the surrender of its stock in the Winston-Dear Co. on September 1, 1928, is exempt from tax by virtue of the provisions of section 112 (b) (3), *supra*, is denied.

This leaves only the question of the *amount* of the gain derived by the petitioner, and since no evidence was offered to show that the respondent's computation in that respect was erroneous, his determination is approved.

*Judgment will be entered for the respondent.*